KATHERINE OSTMANN, PLAINTIFF AND APPELLEE, v. SUPREME LODGE, KNIGHTS AND LADIES OF HONOR, DEFENDANT AND APPELLANT.

Submitted July 3, 1913—Decided November 20, 1913.

1. A contract between a fraternal beneficial association and a member thereof provided that if the member should engage in the occupation of saloon keeper "the membership of such person and all rights and benefits thereunder shall be thereby forfeited, and the relief fund certificate held by the member shall become null and void and he shall be liable to trial therefor as for an offence, and upon conviction thereof, shall be expelled from the order," and that "such forfeiture, if the facts upon which the same is based are established by evidence, shall be a complete defence to any action on the relief fund certificate * * * even though charges have not been made or trial had of such member as hereinbefore provided." *Held*, that the provision rendering void the relief fund certificate for engaging in the prohibited occupation is self-executing.

2. Where the contract between a fraternal beneficial association and a member thereof is by its terms rendered void if the member engages in the occupation of "bartender, saloon keeper, hotel proprietor who personally dispenses spirituous or malt liquors," the contract is rendered void by the member engaging in the occupation of keeping a saloon where malt liquors are sold, and the question whether he *personally* dispensed liquors is immaterial.

3. The unconditional receipt of dues and assessments by a fraternal beneficial association from a member with knowledge upon the part of the association that the member was engaged in a prohibited occupation, constitutes a waiver of the forfeiture of the benefit certificate.

4. Where the holder of a benefit certificate in a fraternal association was not engaged in a prohibited occupation when the contract was made, but subsequently became engaged in such, and, in a suit to recover on the contract, the plaintiff sought to show a waiver of the forfeiture by the acceptance of dues and assessments by the association, the burden of showing knowledge upon the part of the association that he was engaged in a prohibited occupation when his dues were received is upon the plaintiff.

On appeal from the District Court of the city of Hoboken.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellant, *Beecher & Bedford.*

For the appellee, *Isadore II. Brand* and *John II. Sheridan.*

The opinion of the court was delivered by

TRENCHARD, J.    The plaintiff, who is the widow of Adolph A. H. Ostmann, deceased, brought this action to recover the sum of $500 claimed to be due her under a "relief fund certificate" issued by the defendant order to her husband in his lifetime.

The judge of the District Court, sitting without a jury, rendered judgment for the plaintiff.

We are of opinion that the judgment cannot be sustained.

The defence was that the relief fund certificate had been rendered void because decedent engaged in an occupation prohibited by the contract.

It is conceded that the contract, upon which plaintiff's right to recovery rests, consists of the certificate and the by-laws of the order adopted in 1903.

The certificate issued by the order to the decedent in 1905 certified that he was entitled to the rights and benefits of membership and to participate in the relief fund of the order

to the amount of $500, which sum should, at his death, be paid to his wife.

The by-laws of the order prohibit members of the relief fund from engaging in any of the following occupations: "Bartenders, saloon keepers, hotel proprietors who personally dispense spirituous or malt liquors," &c., and further provide that if any member shall engage in any such prohibited occupation "the membership of such person and all rights and benefits thereunder shall be thereby forfeited, and the relief fund certificate held by the member shall become null and void, and he or she shall be liable to trial therefor as for an offence, and upon conviction thereof, shall be expelled from the order."

The contract, as thus constituted, it will be seen, deals with two classes of rights, namely, the right to membership in the order, and the right to the benefits of the relief fund. By it, when a member engages in a prohibited occupation two things result, namely—*first,* the relief fund certificate becomes null and void· automatically, and *second,* expulsion from the order upon conviction of the offence.

That the provision rendering void the relief fund certificate is self-executing, without trial, conviction and expulsion, is made quite plain when we examine the next following by-law, which is as follows:

"The receipt by a subordinate lodge of such member's assessments and dues, or either, before the facts upon which the forfeiture of membership is based, and for which the member may be tried, shall become known to the supreme protector or supreme secretary, shall not be taken as a waiver of such forfeiture; but such forfeiture, if the facts upon which the same is based are established by evidence, shall be a complete defence to any action on the relief fund certificate issued to such member, even though charges have not been made or trial had of such member as hereinbefore provided."

The learned trial judge found that the deceased member was not a bartender or hotel proprietor. He, however, found that, after making the contract in question, the decedent became engaged in the occupation of keeping a saloon where

malt liquors were sold, but he added that he found that the decedent did not *personally* dispense such liquors, and concluded that decedent had not engaged in a prohibited occupation.

We think the question whether he *personally* dispensed liquors was immaterial. Bartenders and saloon keepers constitute two classes of prohibited occupations. "Hotel proprietors who personally dispense spirituous or malt liquors" constitute the third class. The words "who personally dispense spirituous or malt liquors" qualify only hotel proprietors. No doubt facility of access to liquors was the prime consideration. The judgment for the plaintiff seems to have been rested by the trial judge upon the erroneous finding that the deceased member had not engaged in a prohibited occupation.

But there is another phase of this case.

While the provision for forfeiture of the relief fund certificate is self-executing, yet the unconditional receipt of dues and assessments with knowledge upon the part of the order that the member in question was engaged in the prohibited occupation, would constitute a waiver of the forfeiture. 29 *Cyc.* 185, 194.

The trial judge found, and the proofs seem to justify the finding, that the deceased member, after engaging in the prohibited occupation, continued to pay his dues and assessments up to the time of his death. But upon the question whether this was with knowledge upon the part of the order that he had thus engaged in the prohibited occupation, there was no finding, and indeed we do not observe any evidence upon that point.

No doubt, in view of the admitted fact that he was not engaged in any prohibited occupation when the contract was made, the burden of showing knowledge upon the part of the order that he was a saloon keeper when they received his dues was upon the plaintiff.

The judgment will be reversed and a new trial ordered, limited, however, to the question whether the defendant order was in ignorance of the fact that the decedent had become en-

gaged in the prohibited occupation when it accepted the dues. Rules 131 and 147 of the revised Supreme Court rules of 1913 apply.

Let judgment be entered accordingly.